UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENA HICKMAN,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT - NYPD,

Defendant.

1:25-CV-10304 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated and entered on January 7, 2026, and by civil judgment dated and entered on January 8, 2026, the Court dismissed this *pro se* action without prejudice as duplicative of another action that Plaintiff had filed in this court. (ECF 15, 19.) On January 8, 2026, the Clerk of Court mailed to Plaintiff a copy of the abovementioned order of dismissal at Plaintiff's address of record in Homestead, Florida. One day later, on January 9, 2026, the Clerk of Court mailed to Plaintiff a copy of the abovementioned civil judgment at the same address of record. This is because Plaintiff, at that point in the litigation of this action, had not yet consented to electronic service of court documents. The mailed copies of the abovementioned order of dismissal and civil judgment were never returned to the court by the United States Postal Service.

On February 13, 2026, Plaintiff filed a consent to electronic service of court documents in this court.[1] (ECF 42.) The next day, February 14, 2026, Plaintiff filed a notice of appeal. (ECF 41.) In that notice of appeal, Plaintiff asserted that she "never received electronic notification, or

[1] The postal address included in Plaintiff's consent to electronic service of court documents is the same address to which the Clerk of Court had earlier mailed copies of the abovementioned order of dismissal and civil judgment. (*See* ECF 42.)

an email copy of the judg[m]ent. . . . [She] only found out [about the dismissal of this action] on [February 13, 2026]. . . ."[2] (ECF 41, at 2.)

In an order of the United States Court of Appeals for the Second Circuit dated July 9, 2026, and entered on this court's docket on July 10, 2026, the Court of Appeals held that it lacked jurisdiction to consider Plaintiff's appeal because Plaintiff's notice of appeal was untimely filed. *See Hickman v. N.Y.C. Police Dep't – NYPD*, No. 26-366 (2d Cir. July 9, 2026). "[I]n light of certain statements in [Plaintiff's] notice of appeal suggesting that she may not have timely received notice of the judgment," the Court of Appeals, however, ordered this Court to "consider whether [Plaintiff's] submission should be construed as a motion to extend or reopen the deadline." *Id.* The Court of Appeals further ordered that Plaintiff's appeal and her motions pending in the Court of Appeals be held in abeyance pending this Court's decision on such a motion. *Id.*

Accordingly, pursuant to the abovementioned order of the Court of Appeals, this Court construes Plaintiff's notice of appeal (ECF 41) as a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), and as a motion to reopen the time to file a notice of appeal, brought under Rule 4(a)(6) of the same rules ("Rule 4(a)(6)"). For the reasons set forth below, the Court denies Plaintiff relief under Rule 4(a)(5) and Rule 4(a)(6).

---

[2] Plaintiff did not, however, consent to electronic service of court documents until after the abovementioned order of dismissal and civil judgment were entered and copies of them were mailed to Plaintiff at her postal address of record.

## DISCUSSION

### A. Rule 4(a)(5) relief

A party normally has 30 days from the entry date of the order or civil judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). The Clerk of Court entered the relevant civil judgment on January 8, 2026 (ECF 19), one day after the Clerk entered the relevant order of dismissal, on January 7, 2026 (ECF 15). Thus, at the latest, Plaintiff had 30 days from January 8, 2026, or until February 9, 2026, to file a timely notice of appeal.[3] Plaintiff did not file her notice of appeal (ECF 41) until February 14, 2026. Thus, it is untimely.

A Rule 4(a)(5) motion for an extension of time to file a notice of appeal must be filed during the period in which a timely notice of appeal must be filed or within 30 days thereafter. *See* Fed. R. App. P. 4(a)(5)(A)(i). Thus, Plaintiff had, at the latest, until March 11, 2026, to file a timely Rule 4(a)(5) motion. Because Plaintiff filed her notice of appeal, which is being construed as a Rule 4(a)(5) motion, on February 14, 2026, her Rule 4(a)(5) motion is timely.

A timely Rule 4(a)(5) motion may only be granted when the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(ii). Plaintiff, in her construed Rule 4(a)(5) motion, alleges no facts showing excusable neglect or good cause. She asserts that she was never electronically notified of the Court's dismissal of this action.[4] (*See* ECF 41, at 2.) As discussed above, however, she did not file a consent to electronic service of court documents (ECF 42) until after the abovementioned order of dismissal and civil judgment were entered and copies of them were mailed to her postal address of record; she filed that consent (*id.*) only one

---

[3] Because the last day of that 30-day period actually fell on Saturday, February 7, 2026, that period was extended to the next court-business day, Monday, February 9, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

[4] There is no indication that she did not receive copies of the order of dismissal and the civil judgment by postal mail.

day before she filed her untimely notice of appeal (ECF 41), which the Court has construed as a Rule 4(a)(5) motion.

Plaintiff also incorrectly asserts that Defendant, the New York City Police Department ("NYPD"), is an entity of the federal government (*id.*), which, if true, would have allowed for the filing of a timely notice of appeal within 60 days of the entry of the order or civil judgment being challenged, *see* Fed. R. App. P. 4(a)(B)(ii). She also incorrectly asserts that such a 60-day period should be measured from "service of the judgment with 5 days added if served by mail." (ECF 41, at 2.) The NYPD is, however, not an entity of the federal government, and the relevant periods in which to file a timely notice of appeal are measured from the entry date of the order or civil judgment being challenged. *See* Fed. R. App. P. 4(a)(1)(A), (B).

Thus, because Plaintiff alleges nothing suggesting good cause or excusable neglect as to her failure to file a timely notice of appeal, the Court denies Plaintiff Rule 4(a)(5) relief.

**B. Rule 4(a)(6) relief**

The Court also construes Plaintiff's notice of appeal (ECF 41) as a motion seeking to reopen the time to file a notice of appeal, brought under Rule 4(a)(6). Under that rule:

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Under Rule 77(d) of the Federal Rules of Civil Procedure ("Rule 77(d)"), "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b) [of the Federal Rules of Civil Procedure ("Rule 5(b)")] . . . . The clerk must record the service on the docket . . . ." Fed. R. Civ. P. 77(d)(1). Rule 5(b) allows for service by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

Because the court's docket of this action indicates that the abovementioned order of dismissal (ECF 15), which was entered on January 7, 2026, was mailed to Plaintiff's last known address the next day, on January 8, 2026, and because it also indicates that the abovementioned civil judgment (ECF 19), which was entered on January 8, 2026, was mailed to Plaintiff's last known address the next day, on January 9, 2026, pursuant to Rule 5(b)(2)(C) and Rule 77(d)(1), Plaintiff *did* receive notice of the entry of the abovementioned order of dismissal and civil judgment within 21 days after their entry. *See* Fed. R. Civ. P. 5(b)(2)(C) (service is complete upon mailing to a person's last known address). Thus, because the requirements of Rule 4(a)(6)(A) have not been satisfied, the Court will not proceed to that rule's additional requirements. The Court therefore also denies Plaintiff Rule 4(a)(6) relief.

## CONCLUSION

Pursuant to the July 9, 2026 order of the United States Court of Appeals for the Second Circuit in *Hickman*, No. 26-366 (2d Cir. July 9, 2026), this Court construes Plaintiff's notice of appeal (ECF 41) as a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, and as a motion to reopen the time to file a notice of appeal, brought under Rule 4(a)(6) of the same rules. For the reasons set forth above, the Court denies Plaintiff any relief sought under these provisions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 13, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge